**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-13516
Non-Argument Calendar
_____

CANDICE BALLARD,

*Plaintiff-Appellant,*

*versus*

OFFICER JOSEPH RYAN BARRETT,
OFFICER GARRETT YATES,
OFFICER WESLEY COUCH,
DETECTIVE KYLE TESKY,
CAPTAIN MIKE TINSLEY,
OFFICER MARCIA LAWRENCE,
    in their individual capacities,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:24-cv-02343-MLB
_____

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

The district court granted judgment on the pleadings to the defendants. We affirm.

## I.

Candice Ballard was arrested for obstruction when police officers showed up at her house with an arrest warrant for her husband. She initially cracked the door, but soon closed it and refused to open it again. She denied that her husband was home, but refused to allow officers in to look for him. A few minutes later she left using the back door, where she was arrested. Ballard was taken to the police station and released after convincing her husband to turn himself in. No charges were filed against her. She later sued the officers, asserting Fourth Amendment claims for false arrest, excessive force, and failure to intervene, as well as claims under Georgia law for false imprisonment, assault and battery, and intentional infliction of emotional distress.

The defendant officers answered the complaint, attaching bodycam footage, and moved for judgment on the pleadings, which the district court granted. On her Fourth Amendment claims, the district court found (1) that qualified immunity barred the false arrest and excessive force claims, (2) that Ballard had not disputed that the officers were acting within their discretionary authority when they arrested her, (3) that the officers had both actual and arguable probable cause to arrest her, (4) that Ballard had failed to identify any specific use of force which she contended

was excessive, and (5) that the failure-to-intervene claim failed as a matter of law because there was no underlying violation. On the state law claims, the district court found (1) that they were all barred by official immunity, (2) that Ballard had not disputed that the officers were performing an official and non-ministerial function when they arrested her, (3) that nothing in the record suggested the actual malice or intent to injure required to overcome official immunity, and (4) that each of the claims failed for at least one other reason.

Ballard appeals.

## II.

We review a grant of judgment on the pleadings de novo. *Samara v. Taylor*, 38 F.4th 141, 149 (11th Cir. 2022).

## III.

Ballard makes a variety of arguments on appeal, but we do not reach the merits on any of them.

*First*, she argues that the arrest warrant for her husband lacked probable cause. Even assuming that this argument has some relevance to this case, we will not consider it here because she did not raise it below. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).[1]

---

[1] We recognize that we may consider issues raised for the first time on appeal under "special circumstances." *Access Now*, 385 F.3d at 1332. But Ballard does not suggest—nor do we think—that any special circumstances apply.

*Second*, she argues that the defendants are not entitled to qualified immunity. But she does not challenge the district court's finding that they were engaged in discretionary activity, so they are presumptively entitled to qualified immunity unless Ballard can show that they violated a clearly established constitutional right of hers. *Chesser v. Sparks*, 248 F.3d 1117, 1121–22 (11th Cir. 2001). She does not do so, instead offering only the vague conclusion that she "has a plausible claim that she was unlawfully seized by the defendants in violation of her fourth amendment rights." That is not enough—plaintiffs "cannot avoid the qualified immunity defense by referring to general rules and to the violation of abstract rights." *Id.* at 1122 (quotations omitted). Ballard needed to show that the abstractions she gestures toward "have been applied in concrete circumstances" similar to her own. *Barts v. Joyner*, 865 F.2d 1187, 1194 (11th Cir. 1989). Because she did not, qualified immunity protects the defendants.

*Third*, Ballard argues specifically that the officers are not entitled to qualified immunity on her failure-to-intervene claim because the duty to intervene in excessive force cases is well-established and because they "knew or should have known that the Appellant was being unjustifiably arrested, as no probable cause was present." Either way, the claim fails because Ballard has not shown any underlying constitutional violation. *Sebastian v. Ortiz*, 918 F.3d 1301, 1312 (11th Cir. 2019). She offers no argument on appeal against the district court's rejection of her excessive force claim, and the only theory she gives in favor of her arrest being

unlawful is the forfeited argument that the warrant for her husband lacked probable cause.

*Fourth*, Ballard argues that the defendants are not entitled to official immunity on her Georgia law claims because they are not entitled to qualified immunity on her federal claims. This is simply wrong as a matter of law: "Official immunity under Georgia law works a little differently from qualified immunity." *Butler v. Smith*, 85 F.4th 1102, 1119 (11th Cir. 2023). Moreover, the officers are presumptively entitled to official immunity because Ballard does not challenge the district court's conclusion that they were performing an official, non-ministerial function when they arrested her. *Gates v. Khokhar*, 884 F.3d 1290, 1304 (11th Cir. 2018). And she offers no argument on appeal that they acted with actual malice or intent to cause injury as required to overcome official immunity. *Id.*

*Finally*, we note that Ballard's briefing on appeal mentions her excessive force claim only in passing and her assault-and-battery claim not at all. Much less does she develop an argument against the district court's grant of judgment to the defendants on these claims, so she has abandoned any challenge to them. *Access Now*, 385 F.3d at 1330.

\*     \*     \*

Because Ballard offers no argument on appeal to overcome either qualified immunity or official immunity, the district court's grant of judgment on the pleadings is **AFFIRMED**.